NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
Joseph DELANEY on behalf of himself and :
the putative class,                     :
                                        :
      Plaintiff,                       :    Civil No. 9-1421 (AET)
                                        :
      v.                               :    **MEMORANDUM & ORDER**
                                        :
LANDRY'S RESTAURANTS, INC.,             :
                                        :
      Defendant.                       :
_____:

THOMPSON, J.

      This matter is before the Court upon Plaintiff Joseph Delaney's Motion to Remand [12] this case to the Superior Court of New Jersey, Law Division, Warren County. The Court has decided this Motion based upon the submissions of both parties. For the reasons set forth below, Plaintiff's motion is granted.

**I.    Background**

      Plaintiff Joseph Delaney ("Plaintiff") brought this action on behalf of himself and the putative class against Defendant Landry's Restaurants, Inc. ("Defendant") in the Superior Court of New Jersey on February 27, 2009, alleging that gift cards sold by Defendant violated New Jersey's Gift Card Statute, N.J. Stat. Ann. § 56:8-110, and New Jersey's Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J. Stat. Ann. § 56:12-14 et seq. On March 27, 2009, Defendant removed the case to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332. CAFA provides for original subject matter jurisdiction in federal district courts over "any civil action in which the matter in controversy exceeds the sum or value

of $5,000,000, exclusive of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of New Jersey. (Notice of Removal, Ex. A, ¶ 7 [1])  Defendant is a Delaware Corporation with its principal place of business in Texas.  (Notice 5 [1])

On February 12, 2009, Plaintiff purchased a $25 Landry's gift card from a CVS Pharmacy in New Jersey, which allegedly provided for a dormancy fee in violation of the Gift Card Statute. (Notice, Ex. A, ¶ 14-19 [1])  Plaintiff sought to certify this action as a class action, with the class defined as:

> All New Jersey residents who purchased a Landry's gift card at any time on or after April 4, 2006 where the gift card: (1) contained a notice that a dormancy fee will be imposed after 12 months of non-use; and/or (2) contained a provision stating that the dormancy fee shall apply except where prohibited by law without specifying whether that provision is void, unenforceable or inapplicable within the State of New Jersey. (Notice, Ex. A, ¶ 23 [1])

In addition, Plaintiff defined a putative subclass as:

> [T]hose whose Landry's gift card was purchased on or after January 4, 2007 where the gift card contained a dormancy fee provision and: (1) where notice of that provision was not printed in at least 10-point font on the gift card, the sales receipt for the gift card, or the package for the gift card; and/or (2) where a telephone number which the consumer may call for information concerning the dormancy fee was not printed in at least 10-point font on the gift card, the sales receipt for the gift card, or the package for the gift card. (Notice, Ex. A, ¶ 23 [1])

According to a Declaration submitted by Defendant with its Notice of Removal, between April 4, 2006 and March 3, 2009, Defendant sold at least 10,000 gift cards in New Jersey. (Notice, Ex. C, ¶ 3 [1])  Defendant also alleged that between January 5, 2007 and March 3, 2009, it sold at least 9,900 gift cards in the State of New Jersey.  (Notice, Ex. C, ¶ 4 [1])   Further,

Defendant calculated that the maximum damages per class member would be $520.[1]  (Notice ¶ 39 [1]).  Based on these figures, Defendant determined that the amount in controversy was greater than $5,000,000, and removed the action to this Court under CAFA.

During the initial stages of discovery, Defendant disclosed documents showing that it sold 12,310 gift cards during the relevant period.  (DiSabato Cert., Ex. D [12-4])  Only 9,269 of the gift cards, however, potentially included the challenged language.  (DiSabato Cert., Ex. D [12-4])  Plaintiff has now moved to remand to state court, arguing that with 9,269 potential class members and maximum damages of $520 per class member the amount in controversy is only $4,819,880, below the jurisdictional requirement of CAFA.  (Mot. for Remand 1 [12])  Defendant contends that Plaintiff's original allegation was that all of Defendant's gift cards sold in New Jersey violated the Gift Card statute and the TCCWNA, suggesting a potential class size of 12,310, and that therefore the amount in controversy remains over $5,000,000.  (Opp. to Pl.'s Mot. for Remand 6 [13])

**II.   Analysis**

    **A.   Legal Standard**

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case which has been removed from state court, the case shall be remanded.  28 USCS § 1447(c).  Remand for lack of subject matter jurisdiction is mandatory.  <u>Bromwell v. Michigan Mut. Ins. Co.</u>, 115 F.3d 208, 213 (3d Cir. 1997).

Typically, the amount in controversy is assessed as of the removal date.  <u>Meritcare Inc. v.</u>

---

[1]Plaintiff also adopted this as the maximum damages per class member in his Motion for Remand.  (Mot. 7 [12])

St. Paul Mercury Ins. Co., 166 F.3d 214, 217-18 (3d Cir. 1999). In determining the effect of information discovered subsequent to removal, the Third Circuit has drawn a distinction between "events" and "revelations." State Farm Mut. Auto. Ins. Co. v. Powell, 87 F.3d 93, 97 (3d Cir. 1996). Events that occur subsequent to removal do not affect the district court's jurisdiction. Id. Remand may be required, however, on the basis of new facts, or "revelations," which show that the plaintiff was never entitled to recover the minimum amount in controversy. Meritcare, 166 F.3d at 217-18.

The party asserting jurisdiction bears the burden of showing that the case is properly before the federal court. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). If there are no disputes over factual matters, a court must apply a "legal certainty" standard to determine if subject matter jurisdiction exists. Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004). In a case like this one, where Paintiff did not aver a specific amount in controversy, this means that the case must be remanded if it appears to a legal certainty that Plaintiff cannot recover the jurisdictional amount.[2] Frederico, 507 F.3d at 197.

### B. Amount in Controversy

Defendant argues that Plaintiff originally alleged that all gift cards sold over the relevant time period were in violation of the Gift Card act, suggesting that the amount in controversy should be calculated based upon the number of total gift cards sold. (Opp. 6 [13])  The Court believes that this interpretation miscontrues Plaintiff's Complaint. Defendant's argument is based on the contention that Plaintiff defined the gift cards at issue as "Defendant's gift cards" in

---

[2] Although Plaintiff did not request a specific amount in its Complaint, he has now agreed to stipulate that the damages as currently pled are less than $5,000,000. (Reply 6 [15])

paragraph 12 of the Complaint.  (Sur-Reply 2 [17])  Paragraph 12, however, does not explicitly define these gift cards as the cards at issue but only defines a general term to be used by Plaintiff in its Complaint. (Notice, Ex. A, ¶ 12 [1])

Plaintiff defined the putative class as all those who purchased gift cards "*where the gift card* . . . contained a notice that a dormancy fee will be imposed . . . ."  (Notice, Ex. A, ¶ 23 [1] (emphasis added))  Further, the Complaint describes with specificity the specific text on the gift card that allegedly violated the Gift Card Statute and in several instances qualifies its references to Defendant's gift cards to include only those with similar text.  (Notice, Ex. A, ¶ 15-18, 20-22 [1]).  Any ambiguous reference to Defendant's gift cards must be read in light of the fact that Plaintiff is bringing this lawsuit on behalf of himself and those that are similarly situated, as defined by the putative class.  Thus, the Complaint's allegations should be construed as referring only to gift cards sold with the allegedly violative notice of a dormancy fee.

Since removal, evidence that the putative class is smaller than originally estimated has been discovered.  The number of potentially violative gift cards sold in New Jersey between April 4, 2006 and March 3, 2009 is a fact that pre-existed removal.  Therefore, this evidence is a "revelation" relevant to whether Plaintiff was ever entitled to recover the CAFA minimum amount in controversy of $5,000,000.  See Dovale v. Marketsource, Inc., 2006 WL 2385099, at *12 (D.N.J. Aug. 17, 2006) (finding that e-mails discovered since removal which shed light on facts in existence at time suit was first brought were relevant to determination of subject matter jurisdiction).  The Court must consider this new evidence in determining whether it has proper subject matter jurisdiction over the claim.

Based on the documents produced in discovery, the maximum number of unlawful gift cards sold is 9,269. (DiSabato Cert., Ex. D [12-4])  Given undisputed maximum damages of $520 per potential class member, the amount in controversy is at most $4,819,880.  Therefore it appears to a legal certainty that Plaintiff cannot recover CAFA's requisite jurisdictional amount in controversy of $5,000,000.  Because the Court lacks proper subject matter jurisdiction, this action must be remanded to the New Jersey state court**.**

## **CONCLUSION**

For the foregoing reasons, and for good cause shown,

IT IS on this 21st day of October, 2009,

ORDERED that Plaintiff's Motion to Remand [12] is GRANTED.


                                                s/ Anne E. Thompson
                                                _____
                                                ANNE E. THOMPSON, U.S.D.J.